# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JAMIE GILREATH,

    Plaintiff,

    v.

COREY POTTER, *et al.*,

    Defendants.

Case No. 3:24-cv-00037-SLG-KFR

## REPORT AND RECOMMENDATION RE
## RENEWED MOTION FOR DEFAULT JUDGMENT

Before the Court is a Renewed Motion for Default Judgment as to in personam Defendant Corey Potter ("Renewed Motion") filed by Plaintiff Jamie Gilreath.[1] Defendant Corey Potter did not respond to the Renewed Motion. The Court previously held a default judgment hearing on Plaintiff's initial motion for default judgment.[2] Upon review and consideration of the Renewed Motion, supporting evidence, and pleadings, the Court recommends that the Renewed Motion be **GRANTED in part and DENIED in part**, and that the Clerk of Court be directed to enter judgment against Defendant Corey Potter as detailed below.

## I.     BACKGROUND

### A.     Facts

In the summer of 2022, Plaintiff was employed as a deckhand on the F/V Gambler ("Vessel"), a fishing vessel that was engaged in maritime commerce.[3] The Vessel was owned by Defendant Corey Potter and had a home port in the District of Alaska.[4] Plaintiff began her

---

[1] Docket 63.
[2] Docket 60.
[3] Docket 62 at 2, 4, ¶¶ 6–7, 14.
[4] *Id.* at 2, ¶¶ 5–6.

employment on the Vessel on June 27, 2022.[5]

On July 5, 2022, while the Vessel was in navigable waters, Plaintiff was dragged across the Vessel's deck by a crane.[6] Plaintiff's hand had gotten caught in a brailer attached to the crane, and the crew member operating the crane failed to stop it from dragging Plaintiff.[7] As a result of this incident, Plaintiff incurred medical bills and was unable to engage in her normal and usual occupation for a period of time afterward.[8]

On July 6, 2022, Plaintiff left the Vessel.[9] Plaintiff had been promised employment on the Vessel through September 2022, as well as a wage of $200 per day.[10] Plaintiff demanded and was denied her full wages.[11]

### B. Procedural History

In February 2024, Plaintiff filed this admiralty and maritime action against Defendants Corey Potter, Kyle Potter, and Alaska Tendering Hiring Company, *in personam*; and the Vessel, her engines, machinery, appurtenances, and cargo, *in rem*.[12] In June 2024, the Court dismissed Defendants Kyle Potter and Alaska Tendering Hiring Company from the action for lack of prosecution.[13] In her operative complaint, Plaintiff brings claims under the Jones Act, general maritime law, and Alaska state law, alleging negligence, unseaworthiness, failure to provide a safe place to work, failure to pay maintenance and cure, and failure to pay full wages.[14] For relief, Plaintiff seeks an award of general damages, wages and a double wage penalty, prejudgment interest, and attorney's fees.[15]

In April 2025, the Clerk of Court entered default against Defendant Corey Potter.[16]

---

[5] *Id.* at 4, ¶ 14.
[6] *Id.* at 2–3, ¶¶ 8–9.
[7] *Id.* at 3, ¶ 9.
[8] *Id.* at 3, ¶¶ 10–11.
[9] *Id.* at 4, ¶ 14.
[10] *Id.*
[11] *Id.*
[12] Docket 1.
[13] Docket 18.
[14] Docket 62 at 1–4, ¶¶ 1, 9, 12–14.
[15] *Id.* at 4.
[16] Docket 39.

Plaintiff then filed a motion seeking default judgment against Defendant Corey Potter.[17] In that motion, Plaintiff requested a total judgment of $31,748.20, as follows: (1) $1,800 in principal wages; (2) $18,000 in wage penalties; (3) $10,000 in past general damages for unseaworthiness; (4) $1,315.73 in prejudgment interest; and (5) $924.47 in attorney's fees.[18] In support of this request, Plaintiff filed a declaration by herself and copies of her medical records following her employment on the Vessel.[19] Plaintiff also testified in support of the requested damages at the default judgment hearing held on June 10, 2025.

In August 2025, the Court denied Plaintiff's initial motion for default judgment without prejudice.[20] The Court determined that Plaintiff had not satisfied the standard governing a court's discretionary decision to enter a default judgment. In particular, the Court explained, Plaintiff's then-operative complaint—her Amended Complaint at Docket 50—lacked well-pleaded facts necessary to state an unseaworthiness claim or a wage penalty claim.[21] The Court specifically identified several factual deficiencies with respect to those claims, and noted that it was unable to accept Plaintiff's conclusory allegations as true or to consider evidence outside the Amended Complaint for the purpose of analyzing the pleading's sufficiency.[22] Because Plaintiff's request for default judgment was premised almost entirely on Plaintiff's unseaworthiness or wage penalty claims, the Court deferred a recommendation on that request and granted Plaintiff leave to amend her complaint to address its deficiencies.[23] The Court further granted Plaintiff leave to renew her motion for default judgment upon amendment of her complaint.[24]

Plaintiff timely filed her Second Amended Complaint and her Renewed Motion.[25] In

---

[17] Docket 48.
[18] Docket 48-1.
[19] Docket 48-2; Docket 48-4.
[20] Docket 61.
[21] *Id.* at 4–7.
[22] *Id.*
[23] *Id.* at 7.
[24] *Id.* The Court also noted that Plaintiff's initial motion lacked any substantive analysis of why she might be entitled to default judgment, and "strongly encouraged" Plaintiff to "include a substantive analysis of the propriety of default judgment" in this case. *Id.* at 7 n.45.
[25] Docket 62; Docket 63.

R&R re Renewed Motion for Default Judgment  3
*Gilreath v. Potter*
3:24-cv-00037-SLG-KFR

the Renewed Motion, Plaintiff requests a total judgment of $35,190.94, as follows: (1) $1,800 in principal wages; (2) $18,000 in wage penalties; (3) $2,700 in maintenance; (4) $10,000 in general damages for unseaworthiness; (5) $2,690.94 in prejudgment interest; and (6) $3,167.18 in attorney's fees.[26] Plaintiff refiled her declaration and medical records along with the Renewed Motion.[27]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 establishes a two-step process for a plaintiff to obtain a default judgment. First, the clerk of court must enter the default if the defendant has failed to "plead or otherwise defend" in the case.[28] Second, after the clerk's entry of default and upon the plaintiff's request, a court may enter a default judgment on the merits of the case.[29]

In considering a request for default judgment, a court must first determine whether it has jurisdiction over the subject matter and the parties to the case.[30] If the court is satisfied that it has jurisdiction, it may then evaluate the merits of the default judgment request based on seven factors set forth by the Ninth Circuit in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[31]

A court's decision to enter a default judgment is discretionary.[32] Generally, after the clerk's entry of default, the plaintiff's well-pleaded factual allegations regarding liability are taken as true and the district court need not make "detailed findings of fact."[33] Nevertheless, a default

---

[26] Docket 63-1.
[27] Docket 64; Docket 65.
[28] Fed. R. Civ. P. 55(a)
[29] *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008).
[30] *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").
[31] 782 F.2d 1470, 1471–72 (9th Cir. 1986).
[32] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).
[33] *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

R&R re Renewed Motion for Default Judgment
*Gilreath v. Potter*
3:24-cv-00037-SLG-KFR

4

does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim.[34] Moreover, the plaintiff must prove damages by submitting "declarations and evidence establishing the right to relief[.]"[35]

### III. DISCUSSION

#### A. Jurisdiction

The Court first addresses the threshold matter of jurisdiction. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333, which vests district courts with original jurisdiction over "any civil case of admiralty or maritime jurisdiction, and the Jones Act, which authorizes a suit by an injured seaman against their employer.[36] In addition, the Court has personal jurisdiction over Defendant Corey Potter. Defendant Corey Potter was properly served with process in this action,[37] and he lives, does business, and has a principal place of business in the District of Alaska.[38]

#### B. Default Judgment

The Court next addresses the propriety of Plaintiff's request for default judgment in light of the *Eitel* factors.

##### 1. Possibility of prejudice to Plaintiff

The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. In general, prejudice exists if denying default judgment would leave the plaintiff without a proper remedy.[39] Here, Defendant Corey Potter has failed to defend this action.[40] Without a default judgment, Plaintiff will likely be unable to recover the wages

---

[34] *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir.1992).
[35] L. Civ. R. 55.1(b)(2).
[36] 46 U.S.C. § 30104.
[37] Docket 5; *see also* Fed. R. Civ. P. 4(k).
[38] Docket 62 at 1–2, ¶¶ 2, 5; *see also Picot v. Weston*, 870 F.3d 1206, 1211 (9th Cir. 2015) ("Due process requires that the defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" (internal quotation marks omitted) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemp. Comp. & Placement*, 326 U.S. 310, 316 (1945))).
[39] *See, e.g.*, *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Aspen Am. Ins. v. Morrow*, 643 F. Supp. 3d 941, 948 (D. Alaska 2022).
[40] *See* Docket 38.

and maintenance that Defendant Corey Potter failed to pay her, or compensation for the harm she suffered when she was dragged across the deck of the Vessel. Such a result is unwarranted given the allegations in the Complaint, which the Court deems true.[41] The Court therefore concludes that Plaintiff would suffer prejudice if a default judgment were not entered. Accordingly, the first *Eitel* factor weighs in Plaintiff's favor.

### 2. Substantive merit of Plaintiff's claims and sufficiency of the complaint

The second and third *Eitel* factors assess the substantive merit of a plaintiff's claims and the sufficiency of their complaint. These two factors, which are often analyzed together, "require that a plaintiff state a claim on which [they] may recover."[42] On a motion for default judgment, pleading requirements are "enforced strictly," even when evidence outside the pleadings makes clear that a plaintiff can state a claim.[43] Thus, the allegations in the complaint must be well-pleaded and non-conclusory, and those allegations alone must establish a right to relief.[44]

#### i. Unseaworthiness

The admiralty doctrine of unseaworthiness is a form of strict liability that requires the owner of a vessel to ensure that a vessel and its appurtenant equipment and appliances are "reasonably fit for [the vessel's] intended service."[45] An unseaworthiness claim has four elements: (1) seaman status; (2) an injury arising from the condition of the ship or its crew; (3)

---

[41] *See Fair Hous. of Marin*, 285 F.3d at 906.
[42] *See PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that pertinent issue is whether complaint's allegations state a claim upon which plaintiff can recover).
[43] *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988); *see also Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1183 (W.D. Wash. 2022) (citing *Love v. Mustafa*, No. 20-CV-02071PJHAGT, 2021 WL 7286006, at *1 (N.D. Cal. Feb. 4, 2021) (citing *Danning*, 572 F.2d at 1388), *report and recommendation adopted*, No. 20-CV-02071PJHAGT, 2021 WL 7287626 (N.D. Cal. Feb. 8, 2021)).
[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007))); *DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (holding that, for purposes of default judgment, a defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citations omitted)).
[45] *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 499 (1971).

R&R re Renewed Motion for Default Judgment
*Gilreath v. Potter*
3:24-cv-00037-SLG-KFR
6
Case 3:24-cv-00037-SLG-KFR    Document 66    Filed 10/16/25    Page 6 of 14

the unseaworthiness of that condition; and (4) proximate causation.[46] "A vessel's condition of unseaworthiness may arise from any number of circumstances, including an insufficient number of men assigned to perform a shipboard task, or the existence of a defective condition, however temporary, on a physical part of the ship."[47]

The Court finds that the allegations in Plaintiff's Second Amended Complaint are sufficient to state an unseaworthiness claim. Plaintiff alleges that while she was working as a crew member on the Vessel, she suffered injuries from being dragged across the Vessel's deck by a crane after her hand got caught in a brailer attached to the crane.[48] Plaintiff suggests that this happened only because the crew member who was operating the crane was incompetent.[49] These allegations support a plausible inference that Plaintiff suffered an injury that was proximately caused by an unseaworthy condition.[50] Accordingly, the second and third *Eitel* factors weigh in Plaintiff's favor for this claim.

### ii. Maintenance

The general maritime law entitles a seaman who falls ill or becomes injured "while in the service of a ship" to "maintenance and cure" by their employer.[51] "Maintenance" refers to a living allowance for food and lodging to the ill seaman, while "cure" refers to reimbursement for medical expenses.[52] "The shipowner's duty to pay maintenance and cure is virtually automatic, regardless of negligence by the seaman or lack of negligence by the shipowner."[53] "It 'extends during the period when [the seaman] is incapacitated to do a seaman's work and

---

[46] *Ribitzki v. Canmar Reading & Bates, Ltd. P'ship*, 111 F.3d 658, 664 (9th Cir. 1997).
[47] *Id.* (citing *Usner*, 400 U.S. at 499).
[48] Docket 62 at 2–3, ¶¶ 8–9.
[49] *Id.* at 3, ¶ 9.
[50] *Cf. Ashland v. Ling-Temco-Vought, Inc.*, 711 F.2d 1431, 1437 (9th Cir. 1983) (stating that the doctrine of *res ipsa loquitur*, which "is a form of circumstantial evidence that permits an inference of negligence to be drawn from a set of proven facts," applies in admiralty cases (citations omitted)).
[51] *Lipscomb v. Foss Mar. Co.*, 83 F.3d 1106, 1109 & n.1 (9th Cir. 1996) (citing *Gardiner v. Sea-Land Serv., Inc.*, 786 F.2d 943, 945–46 (9th Cir. 1986)).
[52] *Id.* (citing *Gardiner*, 786 F.2d at 946).
[53] *Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517, 536 (9th Cir. 2018) (citing *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1013 (5th Cir. 1994); *Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041, 1044 (9th Cir. 1999)).

R&R re Renewed Motion for Default Judgment
*Gilreath v. Potter*
3:24-cv-00037-SLG-KFR
7
Case 3:24-cv-00037-SLG-KFR    Document 66    Filed 10/16/25    Page 7 of 14

continues until [they] reach[] maximum medical recovery."[54]  "[T]he seaman's right to maintenance and cure . . . is so inclusive as to be relatively simple, and can be understood and administered without technical considerations."[55]

The factual basis of Plaintiff's unseaworthiness claim also supports Plaintiff's entitlement to maintenance for the period when she recovered from the injuries sustained from being dragged across the Vessel's deck. The Court thus finds that the allegations in Plaintiff's Second Amended Complaint are sufficient to state a maintenance claim. Accordingly, the second and third *Eitel* factors weigh in Plaintiff's favor for this claim.

### iii. Unpaid wages and wage penalties

Alaska Statute § 23.05.140(b) provides that if an individual's employment is terminated, their wages "become due immediately and shall be paid" within a specified time frame. If an employer fails to timely pay a terminated employee their wages, Alaska Statute § 23.05.140(d) provides for a "penalty in the amount of the employee's regular wage, salary, or other compensation from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount."[56]  "[P]enalties under AS 23.05.140 are not mandatory and . . . refusal to apply a penalty is within the trial court's discretion."[57]

The Court finds that the allegations in Plaintiff's Second Amended Complaint are sufficient to state claims for unpaid wages and wage penalties. Plaintiff alleges that Defendant Corey Potter, her employer, failed to pay Plaintiff her full wages after her employment ended upon her departure from the vessel on July 6, 2022.[58] Plaintiff further alleges that Defendant Corey Potter had still not paid Plaintiff her full wages as of the time she filed this action.[59]

---

[54] *Id.* (quoting *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962)).
[55] *Farrell v. United States*, 336 U.S. 511, 516 (1949).
[56] *See also Quinn v. Alaska State Emps. Ass'n/AFSCME*, 944 P.2d 468, 473 (Alaska 1997) ("[U]nder AS 23.05.140(d), [a plaintiff] may be entitled to receive a penalty not to exceed his regular wage for ninety days.").
[57] *Hallam v. Holland Am. Line*, 27 P.3d 751, 756 (Alaska 2001) (citing *Klondike Indus. Corp. v. Gibson*, 741 P.2d 1161, 1171 (Alaska 1987) ("The award of a penalty under this section is within the sound discretion of the trial court. The court found no evidence that Beaux intentionally withheld wages due. Therefore, the court denied the penalty claim. We see no abuse of discretion here.").
[58] *Id.* at 4, ¶ 14.
[59] *Id.*

Under these circumstances, Plaintiff may recover her unpaid earned wages as well as wage penalties under Alaska state law. Accordingly, the second and third *Eitel* factors weigh in Plaintiff's favor for this claim.

### 3. Amount at stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct."[60] A court must assess whether the recovery sought is proportional to the harm caused by the defendant's conduct.[61] Here, Plaintiff seeks $1,800 in principal wages, $18,000 in wage penalties, $2,700 in maintenance, $10,000 in general damages for unseaworthiness, $3,167.18 in attorney's fees, and prejudgment interest.[62] In light of Defendant Corey Potter's conduct as alleged in the Complaint, the fourth *Eitel* factor weighs in Plaintiff's favor.

### 4. Possibility of dispute concerning material facts

The fifth *Eitel* factor considers the possibility that material facts may be in dispute. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages."[63] Although Defendant Corey Potter—when he was represented by counsel—filed an answer denying certain allegations in the Complaint,[64] he has subsequently made no attempt to defend this action. Moreover, Plaintiff has provided testimony substantiating the allegations in the Second Amended Complaint.[65] Under these circumstances, "no genuine dispute of material facts would preclude" the entry of default judgment,[66] and the fifth *Eitel* factor weighs in favor of Plaintiff.

//

---

[60] *PepsiCo*, 238 F. Supp. 2d at 1176.
[61] *See Walters v. Statewide Concrete Barrier, Inc.*, No. C 04–2559 JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted").
[62] Docket 63-1.
[63] *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)).
[64] Docket 14.
[65] Docket 60; Docket 64.
[66] *PepsiCo*, 238 F. Supp. 2d at 1177.

### 5. Possibility of excusable neglect

The sixth *Eitel* factor evaluates whether the defendant's default may have been the product of excusable neglect. Here, the possibility of excusable neglect is remote. Defendant Corey Potter did not pay Plaintiff her full wages, despite Plaintiff's demand for payment.[67] Defendant Corey Potter was served with process and initially retained an attorney to represent him in this matter, but the attorney later withdrew from the case, citing a lack of communication and lack of payment from his client.[68] Following the withdrawal of his former attorney, Defendant Corey Potter failed to communicate with Plaintiff or the Court regarding this case. Given these facts, there is little chance that Defendant's default was the result of excusable neglect. Thus, the sixth *Eitel* factor weighs in favor of Plaintiff.

### 6. Policy for deciding cases on the merits

The last *Eitel* factor examines whether the policy of deciding a case based on the merits precludes entry of default judgment. In *Eitel*, the Ninth Circuit advised that "[c]ases should be decided upon their merits whenever reasonably possible."[69] The existence of Federal Rule of Civil Procedure 55(b), however, indicates that "this preference, standing alone, is not dispositive."[70] Moreover, "deciding the case on the merits is impossible where a party refuses to participate."[71] Because Defendant Corey Potter has effectively declined to participate in this action for the past year,[72] the last *Eitel* factor does not preclude the entry of default judgment against him.

### 7. Summary

Aside from the policy of deciding cases on the merits, all of the *Eitel* factors weigh in favor of granting the Motion with respect to Plaintiff's unseaworthiness, maintenance, unpaid wages, and wage penalty claims. As a result, the Court recommends entry of default judgment against Defendant Corey Potter on those claims.

---

[67] Docket 62 at 4, ¶ 14.
[68] Docket 27; Docket 28.
[69] *Eitel*, 782 F.2d at 1472.
[70] *PepsiCo*, 238 F. Supp. 2d at 1177 (internal quotation marks and citation omitted).
[71] *Vietnam Reform Party v. Viet Tan – Vietnam Reform Party*, 416 F. Supp. 3d 948, 970 (N.D. Cal. 2019).
[72] *See* Docket 38.

## C. Requested Relief

The Court now turns to the propriety of Plaintiff's requested relief: (1) $1,800 in principal wages; (2) $18,000 in wage penalties; (3) $2,700 in maintenance; (4) $10,000 in general damages for unseaworthiness; (5) $2,690.94 in prejudgment interest; and (6) $3,167.18 in attorney's fees.[73] As explained below, the Court recommends granting this request to the extent it is supported by law and by evidence in the record.

First, the Court recommends granting Plaintiff's request for an award of unpaid wages that Plaintiff earned for her work on the Vessel between June 27 and July 6, 2022, but reducing the award to $1,500. By the Court's calculation, Plaintiff worked a total of 10 days at a rate of $200 per day, so after accounting for the $500 draw that she was paid, she is entitled to $1,500, not $1,800.[74] The Court finds such an award to be reasonable and supported by the record.[75]

Second, the Court recommends granting Plaintiff's request for a wage penalty award of $18,000, calculated by multiplying Plaintiff's regular wage by 90 working days in accordance with Alaska Statute § 23.05.140(d). The Court finds such an award to be reasonable and supported by the record.[76]

Third, the Court recommends denying Plaintiff's request for a maintenance award. A seaman seeking maintenance may recover "the reasonable cost of food and lodging, provided [they have] incurred the expense."[77] "If the plaintiff presents no evidence of actual expenses, . . . the plaintiff may not recover maintenance."[78] Here, Plaintiff has shown an entitlement to maintenance, but she submitted no evidence or rationale supporting her requested sum. The Court thus finds that Plaintiff has failed to meet her evidentiary burden with respect to this claim.[79]

---

[73] Docket 63-1.
[74] *See id.*, ¶¶ 5, 8.
[75] *See* Docket 64.
[76] *See* Docket 60; Docket 64.
[77] *Barnes*, 889 F.3d at 540 (quoting *Hall v. Noble Drilling (U.S.) Inv.*, 242 F.3d 582, 587 (5th Cir. 2001)).
[78] *Id.* (quoting *Hall*, 242 F.3d at 590).
[79] *See id.* (describing burden as "feather light" (quoting *Hall*, 242 F.3d at 588)). The Court further notes that Plaintiff raised her request for a maintenance award for the first time in the Renewed Motion, without explaining why she failed to raise it in her initial motion for default judgment.

R&R re Renewed Motion for Default Judgment 11
*Gilreath v. Potter*
3:24-cv-00037-SLG-KFR
Case 3:24-cv-00037-SLG-KFR    Document 66    Filed 10/16/25    Page 11 of 14

Fourth, the Court recommends granting Plaintiff's request for an award of $10,000 in general damages for unseaworthiness. The Court finds such an award to be reasonable and supported by the record, including Plaintiff's testimony at the evidentiary hearing about the circumstances of her being dragged across the Vessel's deck.

Fifth, the Court recommends granting Plaintiff's request for an award of prejudgment interest. The Court finds it proper to award prejudgment interest beginning from August 4, 2022, on the portion of the judgment attributable to Plaintiff's unpaid wages and unseaworthiness claims ($11,500). The Court further finds that the rate set forth in 28 U.S.C. § 1961(a) is reasonable.[80]

And sixth, the Court recommends granting Plaintiff's request for an award of attorney's fees but reducing the award to $1,800. In support of her request for attorney's fees, Plaintiff directs the Court only to Alaska Rule of Civil Procedure 82, which provides for an award of attorney's fees to the prevailing party in a civil case who recovers a money judgment.[81] A court may grant an award of attorney's fees pursuant to Rule 82 in diversity cases,[82] or, in admiralty cases, "on the portion of the judgment awarded to [the plaintiff] pursuant to state law."[83] However, this is not a diversity case, and the only supplemental state law claim on which Plaintiff may obtain judgment against Defendant Corey Potter is her wage penalty claim. Therefore, the Court finds that Plaintiff has established only a limited entitlement to attorney's fees under Rule 82 on the portion of the judgment awarded to her pursuant to state law.[84]

---

[80] *See Haney v. Blake*, 794 F. App'x 582, 584 (9th Cir. 2019) ("[I]n admiralty cases, prejudgment interest must be granted unless peculiar circumstances justify its denial." (citing *Dillingham Shipyard v. Associated Insulation Co.*, 649 F.2d 1322, 1328 (9th Cir. 1981)); W. *Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984) (citations omitted) ("It is well-established that compensatory damages in maritime cases normally include pre-judgment interest."); *Blanton v. Anzalone*, 813 F.2d 1574, 1576 (9th Cir. 1987) (stating that "this circuit has a strong policy in favor of [applying] the Treasury bill rate" specified in 28 U.S.C. § 1961(a) to a plaintiff's prejudgment interest award (citing *W. Pac. Fisheries*, 730 F.2d at 1288–89)); *Price v. Stevedoring Servs.*, 697 F.3d 820, 836 (9th Cir. 2012) ("[O]ur precedents support the reasonableness of [the § 1961] rate.").
[81] Docket 50-1 at 2; Alaska R. Civ. P. 82(b)(1) (setting forth sliding scale for award).
[82] *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973–74 (9th Cir. 2013).
[83] *See Bodo v. Angasan*, No 3:23-cv-00035-SLG, Docket 75 at 7–8.
[84] *See Trs. of the Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000) ("The burden of establishing entitlement to an attorneys' fees award lies solely with the claimant.").

Applying the rules set forth in Rule 82 for calculating an award of attorney's fees, Plaintiff should recover 10% of the recommended $18,000 wage penalty award, for a total of $1,800.[85]

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Renewed Motion for Default Judgment at Docket 63 be **GRANTED in part and DENIED in part**, and that judgment be entered as follows:

Plaintiff shall recover from Defendant Corey Potter the following amounts:

- $1,500 in unpaid wages;
- $18,000 in wage penalties pursuant to Alaska Statute § 23.05.140;
- $10,000 in general damages for unseaworthiness;
- $1,800 in attorney's fees pursuant to Alaska Rule of Civil Procedure 82;
- Prejudgment interest at the interest rate set by 28 U.S.C. § 1961 on the total $11,500 damages award, beginning August 4, 2022, through the date of judgment.

DATED this 16th day of October, 2025, at Anchorage, Alaska.

/s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

## NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge

---

(citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983))). The Court notes that although attorney's fees under maritime law are generally available in admiralty claims, Plaintiff has not attempted to show that he is entitled to a fee award on this basis. *See Haney*, 794 F. App'x at 584 (holding that attorney's fees under maritime law "are not awarded as a matter of course; instead, they are awarded, if at all, 'when the shipowner acted arbitrarily, recalcitrantly, or unreasonably'" (quoting *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 635 (9th Cir. 2002)).

[85] *See* Alaska R. Civ. P. 82(b)(1).

reports findings of fact and provides recommendations to the presiding district court judge.[86] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[87]

A party may file written objections to the magistrate judge's order within fourteen (14) days.[88] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[89]

---

[86] 28 U.S.C. § 636(b)(1)(B).
[87] *Id.* § 636(b)(1)(C).
[88] *Id.*
[89] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).